COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-167-CR

 

 

FIDENCIO JUAREZ, JR.                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 78TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Fidencio Juarez,
Jr. appeals his twenty-year sentence imposed after the trial court revoked his
deferred adjudication community supervision and adjudicated him guilty of
aggravated sexual assault of a child.  We
affirm. 








In a single point, appellant
contends that the trial court abused its discretion by admitting extraneous
offense evidence during the punishment phase of the hearing on the State=s petition to adjudicate because the State did not provide appellant
notice of its intent to use extraneous offense evidence as required by Texas
Code of Criminal Procedure article 37.07, section 3(g).[2]  We overrule appellant=s point because he did not preserve his claim for review.

Appellant complains of
testimony presented by Emily Orozco, a professional counselor and licensed sex
offender treatment provider, who treated appellant during his term of community
supervision.  Appellant claims that the
trial court erred by admitting Emily=s testimony because the State failed to comply with article 37.07,
section 3(g).  The record, however,
reveals that appellant=s sole
objection to Emily=s testimony
at the adjudication hearing was based on relevance.  








To preserve a complaint for
our review, a party must have presented to the trial court a timely request,
objection, or motion that states the specific grounds for the desired ruling if
they are not apparent from the context of the request, objection, or motion.[3]  By failing to specifically object on article
37.07, section 3(g) grounds, appellant denied the trial court the opportunity
to rule on the same complaint below and thus did not preserve error.[4]  Accordingly, we overrule appellant=s sole point of error and affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL:  CAYCE, C.J.; GARDNER and WALKER, JJ.

 

DO NOT PUBLISH        

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 4, 2009   
                               











[1]See Tex.
R. App. P. 47.4.





[2]Article
37.07, section 3(g) requires the State to give notice of extraneous offenses it
intends to introduce during the punishment phase in the same manner as required
by rule of evidence 404(b), if the defendant requests it.  Tex. Code Crim. Proc. Ann. art. 37.07 _ 3(g) (Vernon 2006
& Supp. 2008).  The record in this case
shows that included among numerous pretrial motions appellant filed with the
trial court was a document entitled, ARequest for Notice of Intent
to Introduce Evidence of Extraneous Offenses or Prior Convictions.@





[3]Tex.
R. App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim.
App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999).





[4]See
Trevino v. State, 991 S.W.2d 849, 854B55
(Tex. Crim. App.1999); Blackwelder v. State, No. 02-05-00042-CR, 2006 WL
3525383, at *2 (Tex. App.CFort
Worth Dec. 7, 2006, pet. ref=d) (mem. op., not designated
for publication); Mostiller v. State, No. 14-01-01193-CR, 2003 WL
124294, at *2 (Tex. App.C
Houston [14th Dist.] Jan. 16, 2003, no pet. ) (mem. op., not designated for
publication).